PER CURIAM.*
Defendant, Joshua M. Bursh, II, was charged by grand jury indictment on November 8, 1977, with violating LSA-R.S. 14:67 in connection with the misappropriation of $26,500. On April 27, 1978, a jury found defendant guilty as charged, and defendant was subsequently sentenced to serve six years at hard labor. The trial court denied a defense motion for new trial and defendant lodged this appeal. We affirm.
In 1976, Joshua Bursh, II, was an employee of Grambling State University (Gram-bling), and also acted as Executive Director of Grambling State University Foundation, Inc. (Foundation), a nonprofit organization dedicated to the furtherance of Grambling. The Foundation made a loan to Grambling in the amount of $85,920.76 by transferring certificates of deposit owned by the Foundation to Grambling’s bank account at the First National Bank of Ruston in Ruston, Louisiana.
On August 31, 1976, Grambling issued a check for $26,500 payable to Joshua Bursh, Custodian, Grambling Foundation, as partial repayment of the $85,920.76 loan. Bursh neither deposited the check to the Foundation’s account nor reduced the debt owed by Grambling to the Foundation by that amount. Instead, Bursh, on August 31,1976, went to the First National Bank of Ruston, endorsed and negotiated the Gram-bling check, and had First National issue three cashier’s checks in the amounts of $6,000, $8,000 and $12,000, all payable to “Joshua Bursh, Custodian Grambling Foundation, GSU.” The extra $500 was paid to Bursh in cash and converted to his own use.
Several days later, on September 3, 1976, Bursh opened an account in the name of “Joshua M. Bursh, II, Attorney at Law Trust Account” at the Lincoln Bank & Trust Company in Ruston and deposited the three cashier’s checks to that account, withholding to himself $1,000 cash which he converted to his own use. The evidence *1030 showed that thereafter Bursh wrote checks on that account to meet his personal debts.
On this appeal defendant has filed forty-two assignments of error. We have carefully considered each and every assignment and find them all to be wholly without merit.
For the reasons set forth above, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

 Judge Cecil C. Cutrer, Louisiana Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.